UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UTILITY CONSTRUCTORS, INC. and TERRY LOVELACE** <br><br> **Plaintiffs** <br><br> **VERSUS** <br><br> **LYNN PERKINS PEREZ, individually and in her capacity as the independent executrix of the Estate of Chalyn O. Perez, Sr., STELLA LANDS, INC. and EDMOND FITZMAURICE III, in his Capacity as Trustee of the CKCC Trust** <br><br> **Defendants** | CIVIL ACTION <br><br> NO. 15-4675 <br><br> SEC. ___  DIV. ____ <br><br> JUDGE <br><br> MAGISTRATE JUDGE |

## COMPLAINT FOR DECLARATORY RELIEF

Utility Constructors, Inc. and Terry Lovelace, by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure, file this Complaint for Declaratory Relief against Defendants, Lynn Perkins Perez, individually and in her capacity as Independent Executrix of the Estate of Chalyn O. Perez, Sr., Stella Lands, Inc. and Edmond Fitzmaurice III, in his capacity as Trustee of the CKCC Trust, and move this Court for a judgment declaring the rights, obligations and duties of the parties in connection with a certain purported agreement or agreements, and in filing this action, would show unto the Court the following:

## PARTIES

1.

Plaintiff, Utility Constructors, Inc. ("UCI"), is a Mississippi corporation having its principal place of business in the State of Mississippi.

2.

Plaintiff, Terry Lovelace ("Lovelace"), is an adult U.S. citizen domiciled in the State of Mississippi.

3.

Defendant, Lynn Perkins Perez, is sued individually and in her capacity as Independent Executrix of the Estate of Chalyn O. Perez, Sr.  Defendant Perez is an adult U.S. citizen domiciled in the State of Louisiana and presently residing in Plaquemines Parish, Louisiana. Upon information and belief, Chalyn O. Perez, Sr. was an adult U.S. citizen domiciled in the State of Louisiana.

4.

Defendant, Stella Lands, Inc., is a Louisiana corporation having its principal place of business in Plaquemines Parish, Louisiana.  Defendant, Stella Lands, Inc., is subject to the Court's personal jurisdiction with respect to this civil action.  Upon information and belief, Stella Lands, Inc. may be served with process by delivering a copy of the summons and of this complaint to an officer, a managing or general agent, or to its registered agent, Lynn Perkins Perez, 4881 Hwy. 39, Braithwaite, Louisiana 70040.

5.

Defendant, Edmond Fitzmaurice III, in his capacity as Trustee of the CKCC Trust, is an adult U.S. citizen domiciled in the State of Louisiana.  Upon information and belief, Defendant Fitzmaurice presently resides in St. Tammany Parish, Louisiana.

## JURISDICTION AND VENUE

6.

Diversity Jurisdiction exists pursuant to 28 U.S.C. § 1332 because Plaintiffs are citizens of the State of Mississippi, Defendants are citizens of the State of Louisiana, and the amount in controversy exceeds $75,000, in that this matter relates to purported breaches of a contract or contracts asserted to be worth millions of dollars.

7.

Venue is proper pursuant to 28 U.S.C. § 1391 because this is the judicial district in which all defendants reside, or are deemed to reside, and all defendants are residents of the State in which this judicial district is located. Venue is also proper pursuant to 28 U.S.C. § 1391 because substantial events or omissions regarding the subject matter of this controversy occurred in this judicial district.

8.

An actual controversy of justiciable nature exists between Plaintiffs and Defendants involving rights, liabilities and arbitrability of disputes arising under a purported contract or contracts. *See* 28 U.S.C. § 2201; *AT&T Techs, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, 106 S. Ct. 1415, 89 L. Ed. 2d 648, 656 (1986); *Agere Sys. v. Samsung Elecs. Co.*, 560 F.3d 337, 339 (5th Cir. 2009); *Fed. Ins. Co. v. Broadmoor*, Civil Action No. 2:02-CV-3211-EEF, 2003 U.S. Dist. LEXIS 1893 (E.D. La. Feb. 7, 2003).

## FACTS

9.

In or around the months of November and December, 2011, Chalyn Perez, Jr., acting as representative of Defendant Lynn Perkins Perez, in her capacity as Independent Executrix of the

Estate of Chalyn O. Perez, Sr., Defendant Stella Lands, Inc. and Defendant CKCC Trust (collectively "Perez") entered into negotiations with Stella Plantation Excavators, LLC ("SPE") for the construction, development and improvement of real property known as "Stella Plantation" located in Plaquemines Parish, Louisiana. Upon information and belief, Perez anticipated the execution of an agreement called "Site Development Agreement," in December, 2011. However, the parties never agreed to a Site Development Agreement in December, 2011.

10.

Nevertheless, Perez drafted and sent to SPE and UCI in December, 2011 a proposed agreement called "Supplemental Terms and Conditions," a true and correct copy of which is attached hereto as Exhibit "A." The proposed Supplemental Terms and Conditions related expressly to a purported Site Development Agreement dated December 8, 2011. Further, while the proposed Supplemental Terms and Conditions was signed by SPE's manager, Chris Lovelace, and UCI's manager, Terry Lovelace, it was never executed by the defendants.

11.

Among other things, the proposed Supplemental Terms and Conditions purported to supplement the terms of a December 8, 2011 Site Development Agreement and included provisions that would have obligated UCI to guarantee the performance obligations of SPE under the purported December 8, 2011 Site Development Agreement. However, the parties did not enter into a December 8, 2011 Site Development Agreement. Thus, there was, and is, no agreement upon which the proposed Supplemental Terms and Conditions was based.

12.

On or about January 10, 2012, Perez and SPE, among others, concluded their negotiations relating to the construction, development and improvement of Stella Plantation by

executing a written contract called "Agreement," a true and correct copy of which is attached hereto as Exhibit "B." The January 10, 2012 Agreement was amended on June 1, 2012. A true and correct copy of that amendment is attached hereto as Exhibit "C." Neither UCI nor Lovelace is a party to the January 10, 2012 Agreement or the June 1, 2012 Amendment. Further, UCI did not guarantee the performance obligations of SPE under the January 10, 2012 Agreement or the June 1, 2012 Amendment.

13.

On or about July 6, 2015, Perez filed a Demand for Arbitration against, among others, SPE, UCI and Lovelace with the American Arbitration Association ("AAA"), Case No. 01-0004-2052, seeking damages and other relief for certain alleged breaches of the proposed Supplemental Terms and Conditions to a purported December 8, 2011 Site Development Agreement which was never agreed to, and a subsequent January 10, 2012 Agreement.. A true and correct copy of Perez's Demand for Arbitration is attached hereto as Exhibit "D."

14.

Contrary to Perez's assertions in the Demand for Arbitration, UCI and Lovelace have not entered into any agreements with Perez, much less an agreement to arbitrate. Perez cites to an arbitration provision contained in Section 14 of the January 10, 2012 Agreement in support of its Demand for Arbitration. However, UCI and Lovelace are not parties to the January 10, 2012 Agreement.

15.

The only purported agreement executed by UCI and Lovelace is the proposed Supplemental Terms and Conditions. However, by its own terms the proposed Supplemental Terms and Conditions was conditioned upon the formation of a December 8, 2011 Site

Development Agreement which the parties never agreed to. Further, the proposed Supplemental Terms and Conditions could not have related to the subsequently executed January 10, 2012 Agreement, which did not exist at the time the proposed Supplemental Terms and Conditions were signed by UCI and Lovelace on December 8, 2011.

16.

Even if the proposed Supplemental Terms and Conditions were a valid agreement, and Plaintiffs aver it is not, that document does not contain or reference any provision for arbitration. There is no agreement signed by UCI and Lovelace in which either of them agreed to arbitrate disputes with Perez.

**PRAYER FOR RELIEF**

17.

The allegations of Paragraphs 1-16 above are re-alleged and incorporated by reference as if fully set forth herein.

WHEREFORE, PREMISES CONSIDERED, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, Plaintiffs request the entry of a judgment declaring that:

A. Plaintiffs are not parties to any agreement with Perez containing a provision for arbitration;

B. Any purported claims or disputes between Plaintiffs and Perez are not subject to binding arbitration;

Plaintiffs request such other general or special relief to which it may be entitled under the circumstances.

This, the 24th day of September, 2015.

        Respectfully submitted,

        BUTLER SNOW LLP

By: /s/ *S. Ault Hootsell III*
     S. AULT HOOTSELL III, LSB No. 17630
     VICTOR J. FRANCKIEWICZ, LSB No. 22373
     201 St. Charles Avenue, Suite 2700
     New Orleans, LA  70170
     (P) (504) 299-7700
     (F) (504) 299-7701
     (E) ault.hootsell@butlersnow.com

     ATTORNEYS FOR PLAINTIFFS, UTILITY CONSTRUCTORS, INC. AND TERRY LOVELACE