UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UTILITY CONSTRUCTORS, INC.                                CIVIL ACTION

VERSUS                                                    NO. 15-4675

LYNN PERKINS PEREZ ET AL.                                 SECTION "I" (2)

## ORDER AND REASONS ON MOTION

Plaintiffs and counter-defendants Utility Constructors, Inc. and Terry Lovelace (collectively "Utility" or "defendants")[1] filed this declaratory judgment action regarding the obligations of the parties under a Site Development Agreement (the "Agreement") with defendants Chalyn Perez ("Perez"); Lynn Perkins Perez, individually and in her capacity as the independent executrix of the Estate of Chalin O. Perez, Sr.; Stella Lands, Inc.; and Edmond Fitzmaurice III, in his capacity as Trustee of the CKCC Trust (collectively the "Perez entities" or "plaintiffs").  The Perez entities counterclaimed for damages pursuant to the court's diversity jurisdiction.

Utility filed a Motion for Contradictory Hearing and for Permission to Issue Subpoena and Subpoena Duces Tecum to Attorney Under Rule 508.  Record Doc. No. 72.  Utility seeks a contradictory hearing and permission pursuant to Article 508 of the Louisiana Code of Evidence to issue subpoenas (Record Doc. No. 72-7) to the Perez

---

[1] In their memoranda regarding the motion before me, the parties refer to the original plaintiffs, who are counter-defendants on the damages counterclaim, as "defendants" and to the original defendants, who are counter-plaintiffs on the damages counterclaim, as "plaintiffs."  The court adopts the same terminology for purposes of the motion.

entities' counsel of record in this matter, Troy J. Charpentier, and his law firm, Kean Miller LLP. Perez filed a timely memorandum in opposition. Record Doc. No. 82. IT IS ORDERED that the motion is DENIED for the following reasons.

In addition to representing the Perez entities in this lawsuit, Charpentier represented them in connection with drafting the Agreement. The proposed subpoenas would require Kean Miller to produce and Charpentier to testify about all drafts of and revisions to the Agreement, including all written and oral communications, notes and other documents between the Perez entities and their attorneys, and by or between the attorneys, regarding drafting and editing the Agreement. Defendants seek this information because the Perez entities' amended counterclaim alleges that certain obligations allegedly owed to plaintiffs by defendants were mistakenly omitted from the final Agreement. Defendants seek a judgment reforming the Agreement to correct the error and enforcing the Agreement under its reformed terms.

Perez negotiated the Agreement on behalf of the Perez entities from November 2011 into January 2012. On November 4, 2011, defendants' counsel sent a first draft of an Agreement to Perez. Perez sent a redlined draft back on November 10, 2011. Perez testified at his deposition that the striking through (signifying a proposed deletion) of the original Paragraph 2 in this draft was a mistake by his lawyers at Kean Miller, who had sent the redlined version to him. Perez averred that all parties intended and understood at the time that the language of original Paragraph 2 was a part of their Agreement. He testified that the deletion was a mistake that "we all overlooked" at the

time and that the parties did not realize until three years later that Paragraph 2 had been "accidentally struck." Defendants' Exh. D, Record Doc. No. 72-5, Perez deposition testimony at pp. 70, 74-77; first draft of Agreement, Defendant's Exh. A, Record Doc. No. 72-2 at p. 2, ¶ 2; redlined draft, Record Doc. No. 72-2 at pp. 9-10, showing new ¶ 2 and stricken former ¶ 2.

The court previously granted in part the Perez entities' Motion to Quash Subpoenas and Subpoenas Duces Tecum Issued to Kean Miller, LLP and Troy J. Charpentier and for Protective Order, Record Doc. No. 61, quashing the identical subpoenas that Utility had already issued because they violated La. Code Evid. art. 508. The court also denied as premature the Perez entities' request for an order that Utility is not entitled to the discovery sought in the subpoenas. The court deferred to the instant motion the question whether any party is entitled to that discovery. Record Doc. No. 84.

Utility brings its motion under La. Code Evid. art. 508, which provides a procedure to seek court permission when a party intends to issue a subpoena to another party's attorney. In my ruling on the Perez entities' motion to quash the previously issued subpoenas, I found that Article 508 applies to this diversity case under Fed. R. Evid. 501, as persuasively explained and applied in <u>Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC</u>, No. 09-497-JJB-SCR, 2010 WL 1252328, at *3-4 (M.D. La. Mar. 24, 2010); <u>see also</u> <u>Hall v. Louisiana</u>, No. 12-657-BAJ, 2014 WL 1652791, at *4 & n.4 (M.D. La. Apr. 23, 2014) ("[A]rticle 508 and the federal common law essentially employ the same substantive analysis in considering whether to allow the deposition of

3

opposing counsel." Under federal common law, the "information sought must be nonprivileged." "Compare La. C. Evid. art. 508 (considering whether the information sought is (a) essential to the case, (b) not intended to harm or harass, (c) narrowly tailored and (d) not available from any other source), with Fed. R. Civ. P. 26(b), (g) (discovery requests may not be overly broad or intended to harass), and Shelton [v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), approved by Theriot v. Parish of Jefferson, 185 F.3d 477, 491 (5th Cir. 1999), and Nguyen v. Excel Corp., 197 F.3d 200 (5th Cir. 1999))] (considering, among other things, whether the information is 'crucial' and may be obtained by any other means).").

> Article 508(A) provides:
>
> Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, . . . where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:
> (1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.
> (2) The purpose of seeking the information is not to harass the attorney or his client.
> (3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
> (4) There is no practicable alternative means of obtaining the information.

La. Code Evid. Ann. art. 508(A) (emphasis added).

I find that the contradictory hearing element of Article 508 is satisfied by the motion and memoranda filed by the parties, and that oral argument and presentation of live testimony are not necessary. Before reaching the four factors in Article 508, the court must determine whether the information sought is protected from disclosure by any applicable privilege or work product rule. Keybank Nat'l Ass'n, 2010 WL 1252328, at *3; Burkart v. Burkart, 71 So. 3d 532, 538 (La. App. 1st Cir. 2011).

It is undisputed that the information sought by the subject subpoenas is attorney-client privileged. However, Utility argues that the Perez entities have negated their privilege by asserting in this litigation a breach of duty by their own attorneys in deleting Paragraph 2 from the draft Agreement. Utility relies on Bank One, N.A. v. Payton, 968 So. 2d 202 (La. App. 4th Cir. 2007), which held that "[t]here is no privilege as to a communication which is relevant to an issue of breach of duty by a lawyer to the client or by the client to his lawyer." Id. at 208 (citing La. Code Evid. art. 506(C)(3)). "An attorney-client privilege may be waived if a party injects into litigation an issue that requires testimony from his attorney." Burkart, 71 So. 3d at 538 (citing Bank One, 968 So. 2d 202 at 209) (emphasis added). Thus, Utility is essentially arguing that the Perez entities waived their privilege by placing at issue their otherwise confidential communications with their attorneys regarding the draft Agreement.

I find that the Bank One decision is inapplicable for three reasons. In that case, plaintiff bank sued its debtor, who counterclaimed. The bank filed an exception of res judicata to defendant's counterclaim on the basis that the parties had settled the issues

5

involved in the counterclaim in a previous proceeding between them.  During the prior proceeding, an attorney who was not defendant's counsel of record had entered into a settlement with the bank purportedly on defendant's behalf.  In the case itself, the bank subpoenaed that attorney to testify about the settlement at the hearing on its exception of res judicata.  Defendant objected that his communications with the attorney were privileged, but he also testified that he had not authorized the attorney to represent him with respect to settling the prior matter.  The Louisiana Fourth Circuit Court of Appeal affirmed the trial court's holding that the attorney-client privilege did not apply to defendant's communications with the attorney about the settlement.

     First, Bank One is distinguishable because the appeal court found that defendant's "communications to [the attorney] through which the Bank was induced to cancel the foreclosure sale could never have been intended to be confidential:  of necessity they had to be communicated to the Bank's attorney to achieve the desired settlement." Bank One, 968 So. 2d 202 at 208.  Only confidential communications are privileged.  La. Code Evid. 506(A)(5), (B).  In the instant case, Utility has neither alleged nor shown that communications between Perez and the Kean Miller attorneys were not intended to be and/or were not kept confidential.

     Second, the Bank One court held that defendant had no privilege to prevent the attorney from disclosing anything that he and the attorney had discussed during the prior case because defendant's "allegation of unauthorized representation . . . asserts a breach of duty by that lawyer against the putative client.  By making that claim against

6

[the attorney, defendant] removed the claim of privileged communication insofar as his discussions with [the attorney] were concerned." Id. at 208-09.  No such allegation or claim has been made in the instant case.  Although Perez testified that the Kean Miller lawyers "accidentally struck" Paragraph 2 from the redlined draft, the Perez entities have <u>not</u> alleged in this action that their attorneys breached their duty to their clients.  Rather, the Perez entities assert that all parties to the Agreement made a mutual mistake by not noticing the error in the draft Agreement.  Unlike <u>Bank One</u>, the Kean Miller lawyers continue to represent the Perez entities in this case.  On the current record, the Perez entities have not waived their privilege in the fashion found in <u>Bank One</u>.

In addition, the court in <u>Bank One</u> did not address the elements of at-issue waiver, a doctrine that controls the instant motion.  Under Louisiana law, at-issue waiver occurs when a party places privileged communications "at issue," which means <u>more</u> than simply that the client's communications with his lawyer have been referred to in litigation or may be relevant to the subject matter of the litigation.  "Placing at issue" means that the waiving party "'pleads a claim or defense in such a way that he will be <u>forced inevitably</u> to draw upon a privileged communication at trial in order to prevail.  Consequently, he places at issue and waives his privilege as to communications on the same subject under his control.'" <u>Dixie Mill Supply Co. v. Cont'l Cas. Co.</u>, 168 F.R.D. 554, 555-56 (E.D. La. 1996) (quoting <u>Smith v. Kavanaugh, Pierson & Talley</u>, 513 So. 2d 1138, 1145 (La. 1987)) (emphasis added); <u>accord</u> <u>Trestman v. Axis Surplus Ins. Co.</u>, No. 06-11400, 2008 WL 1930540, at *3-4 (E.D. La. Apr. 29, 2008) (citing

7

Dixie Mill, 168 F.R.D. at 556; Smith, 513 So. 2d at 1145; Merhige v. Gubbles, 657 So. 2d 1098, 1101 (La. App. 4th Cir. 2005); Stumpf v. Stumpf, 613 So. 2d 683, 685 (La. App. 5th Cir. 1993)); Williams Land Co. v. BellSouth Telecomms., Inc., No. 02-1628, 2005 WL 940564, at *2 (E.D. La. Apr. 14, 2005).

Thus, "placing at issue" waiver does not depend upon the relevance of the privileged communications or on the adversary's need, no matter how strong, for the privileged matters. Stumpf, 613 So. 2d at 685; Smith, 513 So. 2d at 1146; see also Gibbens v. Quality Rental Tools, Inc., No. 13-6401, 2014 WL 5432113, at *5 (E.D. La. Oct. 24, 2014) (quoting Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994)) (under traditional principles of attorney-client privilege, attorney advice "is not in issue merely because it is relevant, and does not necessarily become an issue merely because the attorney's advice might affect the client's state of mind in a relevant manner").

This kind of waiver occurs only when the party allegedly waiving the privilege has "committed himself to a course of action that will require the disclosure of a privileged communication." Stumpf, 613 So. 2d at 685 (quotation omitted) (emphasis added). A finding of waiver must be based on an affirmative act by the privilege holder that creates some further detriment to the truth-seeking process in addition to that already taken into account in the creation of the privilege itself. McNeely v. Bd. of River Port Pilot Comm'rs, 534 So. 2d 1255, 1255-56 (La. 1988); Smith, 513 So. 2d at 1143; State v. A.D.L., 92 So. 3d 989, 992 (La. App. 3d Cir. 2012).

8

To determine whether the Perez entities have waived their privilege as to their communications with their lawyers, the court focuses on (1) whether Perez has already revealed privileged communications and (2) the Perez entities' intended use of their protected communications, i.e., whether they "have committed [themselves] to a course of action that will require the disclosure of a privileged communication, and not on [Utility's] alleged need for the testimony of a non-party like [Charpentier] to resolve any dispute." Gibbens, 2014 WL 5432113, at *5 (quotation omitted) (citing Smith, 513 So. 2d at 1146).

The burden to establish at-issue waiver of a privilege is upon Utility, the party asserting that waiver occurred. United States v. Newell, 315 F.3d 510, 525 (5th Cir. 2002); In re Santa Fe Int'l Corp., 272 F.3d 705, 710 (5th Cir. 2001); Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 721 (5th Cir. 1985); Hall, 2014 WL 1652791, at *4. No such showing has been made here.

Perez did not reveal any privileged communications with his attorneys when he testified that his lawyers sent to him the redlined draft that deleted Paragraph 2 from the original draft and that the deletion was a mistake. The Perez entities have placed at issue whether all parties made a mutual mistake regarding that deletion, but they will not inevitably be forced to disclose privileged communications to prove their contention. They can present other evidence regarding the parties' understanding and intentions, such as the testimony of Perez and other parties to the Agreement, and other

9

relevant documents. Whether the evidence is credible or sufficient to prove their claim will be up to the jury.

The information sought by Utility is protected from disclosure by the attorney-client privilege, which has not been waived by placing at issue any breach of duty by the Perez entities' lawyers or inevitably forcing plaintiffs to draw upon privilege communications to prove their claim. Therefore, under La. Code Evid. art. 508 or federal common law, the proposed subpoenas to Charpentier and Kean Miller are not permitted. See Hall, 2014 WL 1652791, at *4-5 (federal common law); Gibbens, 2014 WL 5432113, at *6 (La. Code Evid. art. 508); Plotkin v. N. River Ins. Co., No. 12-1077, 2012 WL 2179103, at *6 (E.D. La. June 12, 2012) (same); Keybank Nat'l Ass'n, 2010 WL 1252328, at *3 (same).

The court need not address the four additional factors listed in Article 508, which apply only if no privilege protects the information sought. However, I note that all of those factors must be met. I would find for the same reasons discussed above that the information sought is not essential to Utility's successful completion of an ongoing investigation or to its case, and that Utility has practicable alternative means of obtaining the information it needs to defend against the claim of mutual mistake.

New Orleans, Louisiana, this ___22nd___ day of August, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE