UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYNN PERKINS PEREZ ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-4675** |
| **UTILITY CONSTRUCTORS, INC. ET AL.** | **SECTION I** |

## ORDER AND REASONS

Plaintiffs, collectively referred to as the Perez entities, filed a motion[1] in limine to exclude evidence of benefits they allegedly received from "extra" work performed on Stella Plantation by defendant, Stella Plantation Excavators, LLC ("SPE"). They argue that any benefits they received are only relevant if SPE can base a recovery on a theory of unjust enrichment, and that SPE's unjust enrichment claim fails as a matter of law.

Because the Perez entities' motion in limine was really a motion in limine *and* a motion for summary judgment with respect to SPE's unjust enrichment claim, the Court notified the parties that it was treating the motion as such.[2] After considering additional briefing filed by the parties,[3] the Court concludes that the unjust enrichment claim should not be dismissed and that the alleged benefits would be relevant even in the absence of the unjust enrichment claim.

---

[1] R. Doc. No. 67.
[2] R. Doc. No. 117.
[3] R. Doc. Nos. 120, 121. Although the unjust enrichment claim only belongs to SPE, the other defendants joined in SPE's opposition to the Perez entities' motion. The Court refers to the defendants collectively as "the contractors."

1

**LAW AND ANALYSIS**

I. **The Unjust Enrichment Claim**

The Federal Rules of Civil Procedure allow a party to plead separate, inconsistent claims in the alternative. Rule 8(d) provides:

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient . . . . A party may state as many separate claims or defenses as it has, regardless of consistency.

Rule 8 allows SPE to plead both breach of contract and unjust enrichment even though those claims are inconsistent. The question is whether Louisiana law bars SPE from asserting an unjust enrichment claim simply because SPE also asserts a breach of contract claim.

Article 2298 of the Louisiana Civil Code codifies Louisiana's doctrine of unjust enrichment. It provides, in pertinent part:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The requisite elements of a claim for unjust enrichment are: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) no other remedy at law. *Baker v. Maclay Props. Co.*, 648 So.2d 888 (La. 1995).

The Louisiana Supreme Court has observed that "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Walters v. MedSouth Record Mgmt., LLC*, 38 So.3d 241, 242 (La. 2010) (per curiam). This is because "[t]he unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" *Patterson v. Dean Morris, L.L.P.*, No. 08-5014, 2011 WL 1743617, at *7 (E.D. La. May 6, 2011) (Duval, J.) (citing *Walters*, 38 So.3d at 244).

The Perez entities argue that a plaintiff creates "another available remedy" simply by pleading breach of contract. But a plaintiff cannot plead a remedy into existence. Article 2298 of the Louisiana Civil Code provides that the remedy of unjust enrichment is "subsidiary" and that it therefore "shall not be available *if the law provides* another remedy." (emphasis added). The law does not provide another remedy merely because a plaintiff claims that it does.[4] While it is true that "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment," *Walters*, 38 So.3d at 244, the fact that a plaintiff pleads another remedy does not mean the plaintiff has "another available remedy" within the meaning of the law.

---

[4] Conversely, a plaintiff cannot avoid having an "available remedy" under Louisiana law simply by failing to state a cause of action other than unjust enrichment in his complaint. It is the law that determines whether the plaintiff has an available remedy, not the plaintiff's pleading.

3

Under Louisiana law, a plaintiff does not have an available contractual remedy unless a valid contract existed. In *Edwards v. Conforto*, the Louisiana Supreme Court stated that "*if there is a contract between the parties* it serves as a legal cause, an explanation, for the enrichment." 636 So. 2d 901, 907 (La. 1993), *on reh'g* (May 23, 1994) (emphasis added). Accordingly, the court held that "[u]njust enrichment is without application in this case because there is no absence of justification or cause for the enrichment." *Id.*

Citing *Conforto*, the Fifth Circuit has held that "Louisiana law provides that no unjust enrichment claim shall lie when the claim is based on a relationship that is controlled *by an enforceable contract*." *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 408 (5th Cir. 2004) (emphasis added). "Given the *valid contract* defining [the plaintiff's] insurance coverage" in *Bethea*, the Fifth Circuit concluded that "Louisiana law bars [the plaintiff's] unjust enrichment claim." *Id.* (emphasis added). Following that reasoning, another section of this Court recently dismissed a plaintiff's unjust enrichment claim only after finding that "there was a contract between [the parties] and there is no indication that the contract is unenforceable." *Double R & J Trucking Serv., Inc. v. Patton Installations of Florida, L.L.C.*, No. 14-2234, 2015 WL 2452343, at *4 (E.D. La. May 21, 2015). This section has also reached the same result. *See Oliveira v. Martins*, No. 14-482, 2014 WL 4186675, at *6 (E.D. La. Aug. 21, 2014) (dismissing the plaintiff's unjust enrichment claim only after finding that the "[p]laintiff ha[d] a plausible claim for breach of contract and . . . a plausible claim pursuant to LUTPA").

4

Until the validity of the alleged contract can be determined, SPE's unjust enrichment claim should not be dismissed on the ground that SPE has "another available remedy."[5] Because genuine disputes of material fact preclude this Court from determining whether a contract existed for the extra work performed, the Court will not dismiss the unjust enrichment claim on that basis at this time. However, if SPE has an available remedy pursuant to the Louisiana Private Works Act ("LPWA") La. R.S. 9:4801 then, regardless of the validity of the alleged contract, SPE has

---

[5] The Court acknowledges that there appears to be a degree of confusion on this issue. Some sections of this Court have held that unjust enrichment can never be pled in the alternative, while other sections have held that alternative pleading is permissible. *Compare, e.g., JP Mack Indus. LLC*, 970 F. Supp. 2d 516 ("In Louisiana, by law, an unjust enrichment claim is a 'subsidiary' claim, not an alternative claim."), *with McCullum v. McAlister's Corp. of Mississippi*, No. 08–5050, 2010 WL 1489907, at *7 (E.D.La. Apr. 13, 2010) ("Additionally, Louisiana law clearly permits unjust enrichment to be pleaded in the alternative."), *and ORX Resources, Inc. v. Autra*, No. 09–4451, 2009 WL 3447256 (E.D.La. Oct. 20, 2009) ("Therefore, the federal rules permit a claim for unjust enrichment to be pled in the alternative.").

But those opinions are not as discordant as they first appear. Sometimes alternative pleading of unjust enrichment is permissible and sometimes it is not. Where it is clear that the plaintiff has or had at one point "another available remedy" under Louisiana law, then alternative pleading of an unjust enrichment claim is not allowed regardless of whether the plaintiff pursues that remedy in litigation. For example, if it was undisputed that SPE could have pursued a cause of action under the LPWA, then this Court would have had to dismiss SPE's unjust enrichment claim as a matter of law. Likewise, if the Court concluded that SPE at one point had a timely LPWA claim against the Perez entities but that SPE did not timely pursue that claim, then the Court would again have had to dismiss SPE's unjust enrichment claim as a matter of law.

However, those situations are distinct from a situation—such as that actually before this Court—where factual disputes preclude a Court from making a threshold determination as to whether a plaintiff has an available legal claim. Where, as is the case here, the Court has no way to resolve at the pleading stage whether (1) there was a valid contract that existed between the parties or (2) SPE could have had an LPWA claim, Rule 8 permits SPE to plead and maintain the inconsistent legal theories until those factual questions are resolved whether on summary judgment or at trial.

another available remedy which would preclude it from asserting an unjust enrichment claim. The Court turns to that issue.

The contractors assert that the LPWA does not provide a general contractor with a claim against a property owner in the absence of a contract. Rather, they assert that when a general contractor is in privity of contract with a property owner, the LPWA provides a *subcontractor* with a claim against the owner for improvements to the owner's land performed by the subcontractor pursuant to its agreement with the general contractor. The contractors argue that the primary cases relied on by the Perez entities—*JP Mack Indus. LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 520 (E.D. La. 2013) and *Pinegrove Electrical Supply Co., Inc. v. Cat Key Constr., Inc.*, 88 So.3d 1097 (La. App. 5 Cir. 2012)—all involve subcontractors and actually support this interpretation.

According to the contractors, "[t]here is a significant difference between saying that subcontractors and suppliers can recover under the Private Works Act despite a lack of contractual privity with the owner (which is what *Pinegrove* held) and saying that a contractor can recover under the Private Works Act in the absence of a contract."[6] The Court agrees.

The LPWA, La. R.S. 9:4801, provides that "contractor[s]" have "a privilege on an immovable to secure" payment of "the price of their work." However, "contractor" is defined under the Act as "*one who contracts* with an owner to perform all or a part of a work." La. R.S. 9:4807 (emphasis added). While it is clear that a subcontractor

---

[6] R. Doc. No. 121, at 7.

6

can recover from a property owner under the LPWA in the absence of a contract—indeed the LPWA was enacted specifically in order to create such a right[7]—a general contractor such as SPE cannot recover pursuant to the statute absent a contractual relationship with the property owner. In order to be considered a "contractor" in the first place, SPE must have had a contractual relationship with the Perez entities. *See* La. R.S. 9:4807.

An oral contract between a general contractor and a property owner for the improvement of property is sufficient to give rise to an LPWA claim by the contractor against the owner. *See Burdette v. Drushell*, 837 So. 2d 54, 69 (La. App. 1 Cir. 2002). It remains undetermined whether such an oral agreement existed between SPE and the Perez entities. Accordingly, the Court cannot at this time determine whether SPE has an available remedy under the LPWA, and the Court will not dismiss the unjust enrichment claim on that basis.

## II. Evidence of the Alleged Benefits

Because the unjust enrichment claim remains, the alleged benefits to the Perez entities are clearly relevant. The Court observes, however, that even if the unjust enrichment claim had been dismissed, evidence of the alleged benefits would nevertheless be admissible.

---

[7] "The Louisiana Private Works Act was enacted to facilitate construction of improvements on immovable property and does so by granting to subcontractors, among others, two rights to facilitate recovery of the costs of their work from the owner with whom they lack privity of contract." *Jefferson Door Co. v. Cragmar Const., L.L.C.*, 81 So. 3d 1001, 1004 (La. App. 4 Cir. 2012).

If the contract was modified or supplemented to include the extra work, the measure of SPE's damages is the reasonable cost of the work SPE performed and not the benefit to the Perez entities. *See Aqua Pool Renovations, Inc. v. Paradise Manor Cmty. Club, Inc.*, 880 So. 2d 875, 881 (La. App. 5 Cir. 2004) (concluding that the "reasonable cost" of additional work performed by a contractor pursuant to a contract modification was the appropriate measure of damages owed to the contractor). However, the benefits are still relevant to determining whether the contract was modified or supplemented in the first place.[8]

Under Louisiana law, written contracts can be modified by oral contracts and by the conduct of the parties, even when the written contract contains a provision that modifications must be in writing. *See Driver Pipeline Co. v. Cadeville Gas Storage, LLC*, 150 So. 3d 492, 504 (La. App. 2d Cir. 2014). As the party arguing that the contract was modified, SPE will have the burden of proving the modification. *See Monroe v. Physicians Behavioral Hosp., LLC*, 147 So. 3d 787, 796 (La. App. 2d Cir. 2014). Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."

The alleged benefits that the Perez entities received from the "extra" work may be relevant in more than one way. At the very least, the benefits are relevant because

---

[8] If SPE recovers on a theory of unjust enrichment, the alleged benefits received by the Perez entities are directly relevant to establishing SPE's damages. *See* La. Civ. Code art. 2298 ("The amount of compensation due [for unjust enrichment] is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.").

8

they help demonstrate that the Perez entities had an incentive to enter into a contract for the additional work, which makes it more likely they did in fact enter into such a contract. Because the alleged benefits are relevant for at least that purpose, the motion to exclude them would be denied even if the Court granted summary judgment on the unjust enrichment claim.[9]

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for summary judgment regarding the unjust enrichment claim is **DENIED.**

**IT IS FURTHER ORDERED** that the Perez entities' motion to exclude evidence of benefits is **DENIED**.

New Orleans, Louisiana, October 12, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[9] The Court notes that the Perez entities do not challenge the admissibility of the benefits evidence on any ground other than relevance.